## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BLOCKSTREAM SERVICES USA INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES ) <br> ) <br> *Defendant*. ) | Court No. 22-00101 |

### ORDER

Upon consideration of Plaintiff Blockstream Services USA Inc.'s unopposed Motion To Set Aside Dismissal And To Reopen Case, and upon all papers and proceedings herein, it is hereby

**ORDERED**, that Plaintiff's Motion To Set Aside Dismissal And To Reopen Case is granted; and it is further

**ORDERED**, that the Court's order entered on April 1, 2024, ECF No. 8, dismissing the above-referenced case is vacated; and it is further

**ORDERED**, that the action is to remain on the Customs Case Management Calendar until, and including, March 31, 2026.

**SO ORDERED**.

Dated:_____, 2024            _____
    New York, New York                                             Judge

AFDOCS:199778537.4

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BLOCKSTREAM SERVICES USA INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES ) <br> ) <br> *Defendant*. ) | Court No. 22-00101 |

**MOTION TO SET ASIDE DISMISSAL AND TO REOPEN CASE**

   Pursuant to Rules 60(b), 6(b)(1)(B), 7(b), and 83(c) of the Rules of this Court, counsel for Blockstream Services USA Inc. ("Plaintiff") respectfully submits this motion requesting the entry of an order that (1) sets aside the Court's order entered on April 1, 2024, ECF No. 8, dismissing the above-referenced case for failure to prosecute ("Dismissal Order"); (2) reopens the case; and, (3) extends the time in which the case may remain on the Customs Case Management Calendar ("CCMC") until March 31, 2026. In support of this motion, Plaintiff states as follows:

   1. On March 30, 2022, Plaintiff filed a Summons contesting the denial by U.S. Customs and Border Protection ("CBP") of Plaintiff's protest challenging CBP's reclassification at liquidation of certain imported cryptocurrency miners under subheading 8543.70.9960 of the Harmonized Tariff Schedule of the United States as other electrical machines and apparatus having individual functions.

   2. The initial deadline for removing Plaintiff's case from the Customs Case Management Calendar was March 31, 2024.

3.      Under USCIT R. 83(c), "{a}fter 24 months on the CCMC, the plaintiff must demonstrate by motion why the action should remain on the calendar." The language of USCIT R. 83(c) provides that the "applicable 24-month period will run from the last day of the month in which the action is commenced until the last day of the 24th month thereafter." When docketing the deadline to file the motion to remain on the CCMC when the case was initially filed on March 30, 2022, counsel for Plaintiff incorrectly interpreted the word "thereafter" in the rule to mean that the motion to remain on the CCMC would be due on the last day of the month *after* the month of the filing, *i.e.* April 30, 2024. The calculation of the deadline was further complicated by the fact that the *actual* deadline, March 31, 2024, occurred on Easter Sunday.

4.      Rule 60(B) of the Rules of Civil Procedure provides that upon a motion made within a reasonable time, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment." Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365, 1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore, the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

5.      Here, all four (4) factors support a finding that Plaintiff's neglect is "excusable" for purposes of Rule 60(b). First, as the Government expressly acknowledges, there is no

prejudice to Defendant, as Plaintiff's neglect has not caused any material delay in this case. *See* Paragraph 11, *infra*.

6.    Second, the length of delay here is minimal and, again, has not caused any material delay in this case. As described above, after receiving the Court's Dismissal Orders—which were entered less than 24 hours after the March 31, 2024 deadline had lapsed—counsel for Plaintiff promptly contacted counsel for the Government to notify them of its intent to file a motion asking for the case to remain on the CCMC . Plaintiff has continued to act diligently, as it filed this motion within approximately 48 hours of entry of the Dismissal Order.

7.    Third, Plaintiff's failure to file a timely motion to extend the time for the above referenced case to remain on the CCMC was purely the result of a mistake and inadvertence. In this case, Plaintiff's delay in filing the motion to remain on the CCMC or a motion for an extension of time was due to an inadvertent error in calendaring. Although the reason for delay was "arguably within {counsel's} reasonable control," there was no "attempt to 'ignor{e} court-ordered deadlines.'" *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 25 F. App'x 923, 924-245 (Fed. Cir. 2001) {second alteration in original) (affirming a district court's finding of excusable neglect, permitting a party to file a belated notice of appeal). As one court noted, "{t}here are instances where the best office systems and precautions fail and matters simply fall through the cracks; it is for those instances that the excusable neglect provision exists." *Robinson v. Wright*, 460 F. Supp. 2d 178, 181-82 (D. Md. 2006). Counsel fully intended to comply with all deadlines for the filing of the motion to remain on the CCMC and any motion for an extension of time, and respectfully submits that its delay in filing the extension request in this instance was due to an error that is excusable. Counsel for Plaintiff regrets the delay in filing its motion to remain on the

CCMC and apologizes to the Court. Steps have been taken to ensure that deadlines are properly calculated in the future and that all future deadlines established by the Court are timely met.

8. Fourth, Plaintiff has at all times in this proceeding acted in good faith. This is the first time that Plaintiff has failed to comply with a deadline established by the Court—and as described above, it was solely the result of inadvertence and mistake. In *Rockwell Automation, Inc. v. United States*, the Court found that, even absent a finding that the parties' neglect was not "excusable," a motion for leave to file out of time may be granted based on a "balancing {of} all applicable factors and circumstances," including the government's lack of prejudice. 7 F. Supp. 3d 1278, 1304 (Ct. Int'l Trade 2014).

9. For all of these reasons, Plaintiff believes there is ample support for a finding that its neglect is "excusable" for purposes of Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Orders in the interests of justice.

10. "Good cause" also exists for this case to remain on the CCMC within the meaning of Rules 6 and 83. While the Court has not directly addressed what constitutes "good cause" in the context of the CCMC, Plaintiff submits that conservation of judicial resources qualifies. Plaintiff is currently experiencing significant resource constraints due to volatility in the cryptocurrency market over the past several months. These resource constraints have impacted its ability to gather supplemental information in support of its claim. Commencing active litigation of this matter before Plaintiff has completed this exercise would be a waste of the parties' and the Court's resources. There is also a possibility that Plaintiff's case could be consolidated with other pending litigation or suspended under a test case. Plaintiff seeks no advantage by requesting this extension and, for the reasons set forth above, respectfully submits that it has shown good cause why the above-captioned case should remain on the CCMC.

AFDOCS:199778537.4

11. As required by USCIT R. 7(b), counsel for Plaintiff consulted with the parties to this action concerning a motion asking for the case to remain on the CCMC . On April 2, 2024, Counsel for Defendant United States, Guy R. Eddon, noted the government's position as follows: "Defendant defers to the discretion of the Court as to whether to grant plaintiff's request. However, defendant notes that it will not be prejudiced, if the case were reinstated to the Customs Case Management Calendar."

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an order that: (1) sets aside the Court's order entered on April 1, 2024, ECF No. 8, dismissing the above-referenced case for failure to prosecute; (2) reopens the above-referenced case; and, (3) extends the time in which the case may remain on the CCMC until March 31, 2026.

Respectfully submitted,

April 3, 2024

**/s/ Angela M. Santos**
Angela M. Santos
Leah N. Scarpelli

ARENTFOX SCHIFF LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Telephone: (212) 484-3925
Email: Angela.Santos@afslaw.com

*Counsel for Blockstream Services USA Inc.*

AFDOCS:199778537.4